UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIO MASTERS,<br><br>         Plaintiff,<br> v.<br>BARTLETT, et al.,<br><br>         Defendants. | Case No. 3:23-cv-00506-ART-CSD<br><br>ORDER |

  Plaintiff Antonio Masters ("Plaintiff") brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Northern Nevada Correctional Center. (ECF No. 13 at 1.) On August 28, 2024, this Court ordered Plaintiff to file an amended complaint by September 29, 2024. (ECF No. 12 at 7.) The Court warned Plaintiff that the action could be dismissed if he failed to file an amended complaint by that deadline. (*Id.* at 8.) That deadline expired and Plaintiff did not file an amended complaint, move for an extension, or otherwise respond.

**I. DISCUSSION**

  District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the

1  public's interest in expeditious resolution of litigation; (2) the Court's need to
2  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
3  favoring disposition of cases on their merits; and (5) the availability of less drastic
4  alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
5  1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th
6  Cir. 1987)).

7  The first two factors, the public's interest in expeditiously resolving this
8  litigation and the Court's interest in managing its docket, weigh in favor of
9  dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants,
10 also weighs in favor of dismissal because a presumption of injury arises from the
11 occurrence of unreasonable delay in filing a pleading ordered by the court or
12 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
13 1976). The fourth factor—the public policy favoring disposition of cases on their
14 merits—is greatly outweighed by the factors favoring dismissal.

15 The fifth factor requires the Court to consider whether less drastic
16 alternatives can be used to correct the party's failure that brought about the
17 Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
18 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
19 the party has disobeyed a court order does not satisfy this factor); *accord*
20 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
21 "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
22 pursuit of less drastic alternatives prior to disobedience of the court's order as
23 satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
24 with the warning of dismissal for failure to comply[,]" have been "eroded" by
25 *Yourish*). Courts "need not exhaust every sanction short of dismissal before
26 finally dismissing a case, but must explore possible and meaningful
27 alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).
28

Because this action cannot realistically proceed until and unless Plaintiff files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's screening order. Setting another deadline is not a meaningful alternative given these circumstances. The fifth factor favors dismissal.

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's August 28, 2024, order and for failure to state a claim. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 4) is denied as moot. DATED THIS 4th day of November 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE